# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE RAY BENDER,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST VALLEY DETENTION CENTER, et al.,<br><br>    Defendants. | No. ED CV 18-1944-JGB (PLA)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH LOCAL RULE 41-6** |

## I.
## BACKGROUND

On September 12, 2018, plaintiff, a state prisoner who at the time he filed this action was incarcerated at the West Valley Detention Center in Rancho Cucamonga, California, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1), along with a Request to Proceed Without Filing Fees ("IFP Request") (ECF No. 2), which, because the "Certificate of Authorized Officer" had not been signed, was denied by the Court, with leave to amend. (ECF No. 4). On October 10, 2018, plaintiff re-submitted his IFP Request with the signed Certificate of Authorized Officer, which was granted on October 11, 2018. (ECF Nos. 5, 6). Plaintiff also submitted another Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 that differed from the original Complaint in several significant ways. Accordingly, on October 11, 2018, the Magistrate Judge advised plaintiff

that if he wished to amend the Complaint, he should file a complete First Amended Complaint by November 12, 2018, which should clearly contain the words "FIRST AMENDED COMPLAINT," and be complete in and of itself without reference to any prior Complaint, or any other pleading, attachment or document. (ECF No. 7). Further, plaintiff was instructed to sign and date the First Amended Complaint, and to assert in the First Amended Complaint all claims he has against all defendants, and all of the supporting facts, arguments, and exhibits related to the claims on which he seeks relief. (Id.).

On October 25, 2018, plaintiff submitted another Civil Rights Complaint. He did not, however, label the document "First Amended Complaint" as directed, nor did he sign or date the new Complaint. In an attached letter, plaintiff indicated that he would like to use "this claim" that he was sending, along with the "write up" attached as an exhibit to the September 12, 2018, Complaint. (ECF No. 8). On October 29, 2018, the Magistrate Judge denied without prejudice plaintiff's request to file an amended complaint, and directed the Court clerk to return to plaintiff the unsigned Complaint along with the Order, and to include an envelope addressed to the Court for plaintiff's use. (ECF No. 9). The Magistrate Judge informed plaintiff that if he wished to proceed on the basis of the latest Complaint, then no later than November 19, 2018, he must label the returned document as "First Amended Complaint" just below the case number on page 1, and sign and date the Complaint on page 6, and then return the document to the Court. That document, along with the attachment to the September 12, 2018, Complaint, would then be the operative pleading in this action. (Id.). The Magistrate Judge further informed plaintiff that if he failed to timely submit a First Amended Complaint, the action would proceed on the basis of the September 12, 2018, Complaint with attachment. (Id.). On November 30, 2018, because only the Order (without the unsigned Complaint and the return envelope) had been mailed to plaintiff, the Magistrate Judge re-sent plaintiff the October 29, 2018, Order along with those documents. On November 8, 2018, the October 29, 2018, Order was returned to the Court; on November 15, 2018, the re-sent Order and the enclosed documents were returned to the Court. (ECF Nos. 10, 11). In both instances, the return envelope indicated that plaintiff was "Out of Custody." (Id.).

As of the date of this Order, plaintiff has not informed the Court of a change of address and the time to do so has expired; neither has he filed a First Amended Complaint or otherwise communicated with the Court.

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts).

Here, plaintiff has failed to notify the Court of his current address within fifteen days of the October 29, 2018, and October 30, 2018, service dates of the undelivered Order described above, as required by Local Rule 41-6, which states:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Plaintiff's failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1438 (9th Cir. 1988). There, in affirming the district court's dismissal of an action for failure to prosecute based on the fact that the court's mail to plaintiff was returned to the court as undeliverable, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Carey, 856 F.2d at 1441.

The Carey court cited the following factors as relevant to a district court's determination of whether dismissal of a pro se plaintiff's action is warranted for failure to prosecute: "(1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440.

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff's failure to keep the Court informed of his current address, or to otherwise communicate with the Court since October 25, 2018, hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. But it is plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to keep the Court informed of his current address, or to otherwise communicate with the Court since October 25, 2018, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to provide the Court with his current address. Thus, the fourth factor weighs in favor of dismissal.

Finally, the mail sent by the Magistrate Judge on October 29, 2018, and October 30, 2018, to plaintiff at his address of record was returned as undeliverable because plaintiff is "Out of Custody," and a search of California's Inmate Locator website also indicates that plaintiff is no longer in state custody. Plaintiff has not informed the Court of his current address and has not otherwise communicated with the Court since October 25, 2018. As in Carey, the Court is unable to contact plaintiff "to threaten him with some lesser sanction." Carey, 856 F.2d at 1441 (noting that an order to show cause why dismissal was not warranted or an order imposing sanctions "would only find itself taking a round trip tour through the United States Mail"). It is plaintiff's burden to keep the Court

4

apprised of any changes in his mailing address to enable the Court to communicate with him when necessary. Id. Plaintiff has not met this burden. Thus, the fifth factor weighs in favor of dismissal.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow the Local Rules by informing the Court of his address change is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, "the local rule itself provided notice" that the action was subject to dismissal for failure to keep the Court informed of any address change. Carey, 856 F.2d at 1441; see also Local Rule 41-6. And, the Court's recent efforts to contact plaintiff have all failed.

III.

**CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for failure to prosecute and for failure to follow Local Rule 41-6.[1]

DATED: November 27, 2018

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

---

[1] The Court clerk is directed to send a copy of this Order to plaintiff's last known address of record.